## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JANELL BRAXTON** | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No. 2:20-cv-02287-DDC-GEB |
| | ) | |
| **WALMART, INC.** | ) | |
| *Defendant* | ) | |
| | ) | |

## <u>ORDER</u>

This matter comes before the Court on Plaintiff's Motion for Leave to Amend First Amended Complaint ("Motion for Leave") (ECF No. 88). On June 1, 2021, the Court conducted a Zoom conference. After careful consideration of Plaintiff's motion, review of the parties' proposed Pretrial Order, and hearing arguments from counsel, the Court orally **FOUND THE MOTION MOOT**. This Order memorializes the Court's rulings from the conference.

### I.        Procedural Background

The Court held a telephone conference with counsel on April 28, 2021 to discuss the remaining deadlines in the case. The parties wanted to keep their current trial setting which required the dispositive motion deadline of June 4, 2021 not be extended significantly. Due to scheduling conflicts of counsel, the Pretrial Conference scheduled for May 19, 2021 was cancelled and the deadline for the parties to submit their proposed Pretrial Order was extended to May 28, 2021,[1] just prior to the dispositive motion deadline.

---

[1] ECF No. 83.

During the parties' discussion of the proposed Pretrial Order, a dispute arose over the wording of paragraph 4(a) Legal Claims of Plaintiff. Plaintiff filed its Motion for Leave to address the dispute regarding the language. Again, in an effort to accommodate the parties' desire to hold their current trial setting, the Court set a Zoom conference on June 1, 2021, prior to the dispositive motion deadline and before Defendant's deadline to respond to the Motion for Leave, to discuss the proposed Pretrial Order and the pending motion.

## II.    Plaintiff's Motion for Leave (ECF No. 88)

Plaintiff moves to amend paragraph 55 of her First Amended Complaint.[2] Paragraph 55 states, "Defendant fired Plaintiff because she availed herself of her rights under the workers' compensation laws of Kansas as alleged above." Plaintiff moves to amend paragraph 55 to say, "Defendant fired Plaintiff based on her status as an injured worker, i.e., because she suffered a workplace injury, because she reported a workplace injury, and/or because she requested medical treatment for a workplace injury," to align with the language in paragraph 4(a) Legal Claims of Plaintiff in the proposed Pretrial Order.

### A.    Parties' Arguments

#### 1.    Plaintiff's Position

Plaintiff argues the amendment is not necessary as the language in paragraph 4(a) Legal Claims of Plaintiff of the proposed Pretrial Conference Order is fair based on the pleadings and the discovery in the case. However, if the Court disagrees, Plaintiff argues

---

[2] ECF No. 20.

the proposed amendment should be granted as it neither seeks a substantial change to the First Amended Complaint, nor presents new facts, a new theory or recovery, a new claim, a new party, or seeks additional damages.

### 2.    Defendant's Position

Defendant argues although Plaintiff is entitled to define her claim in the Pretrial Order, it must be consistent with the pleadings. It argues if the language in paragraph 4(a) Legal Claims of Plaintiff is synonymous with her claim in the First Amended Complaint, the new language is not necessary, and Plaintiff should use the language in the First Amended Complaint. However, if the language is a new claim it should not be allowed at the pretrial stage when Defendant has not been able to develop a defense.

### B.    Analysis

The Court agrees with Plaintiff, the language in paragraph 4(a) Legal Claims of Plaintiff of the Pretrial Order is fair based upon the pleadings; it is not a new claim. Thus, the amendment of paragraph 55 of the First Amended Complaint is not necessary for the proposed language to be included in the Pretrial Order. From the initial Complaint[3] to the Pretrial Order, Plaintiff has always framed her case as one of retaliatory discharge.[4] Plaintiff has consistently alleged she was injured on the job and Defendant terminated her employment because she invoked her rights under the workers' compensation laws of Kansas.[5] The Court finds the language at issue in paragraph 4(a) Legal Claims of Plaintiff

---

[3] The Amended Complaint substituted Defendant Walmart Inc. for Jet.com, Inc. ECF No. 20 at 1.
[4] ECF No. 1 at 1 &; ECF No. 20 at 1 &; ECF No. 93 at 11-12.
[5] ECF No. 1 at 1 & 3-4; ECF No. 20 at 1 & 3-4; ECF No. 93 at 11-12.

is simply the restatement, perhaps with clarification, of the allegations in paragraphs 53 and 55 of the First Amended Complaint and is properly included in the Pretrial Conference Order.[6]

Although the Court finds amendment is not necessary, it will look at whether amendment would be permitted. Fed. R. Civ. P. 15 governs the procedure for the amendment of pleadings. After the time for amendment as a matter of course, a party "may amend its pleading only with the opposing party's written consent or the court's leave."[7] Defendant objects to the amendment.[8] The decision to grant leave to amend after the time for amendment as a matter of course lies within the discretion of the court.[9] Leave to amend should be freely given when justice so requires.[10] Refusing leave to amend is generally only justified on a showing of undue delay, undue prejudice, bad faith, or futility of amendment.[11]

Although the deadline in the Scheduling Order to file any motions for leave to amend passed on September 30, 2021,[12] where the proposed amendment is to address a

---

[6] Paragraph 4(a) Legal Claims of Plaintiff states, "Walmart fired Plaintiff based on her status as an injured worker, i.e., because she suffered a workplace injury, because she reported a workplace injury, and/or because she requested medical treatment for a workplace injury." See ECF No. 93 at 11. Paragraph 53 states, "Plaintiff availed herself of the workers' compensation laws of Kansas by reporting a workplace injury and requesting medical treatment for the injury." And paragraph 55 states, "Defendant fired Plaintiff because she availed herself of her rights under the workers' compensation laws of Kansas as alleged above." See ECF No. 20 at 6.
[7] Fed. R. Civ. P. 15(a)(2).
[8] ECF No. 93 at 14.
[9] *Feldman v. Campbell*, No. 09-4101-RDR, 2009 WL 10687818, at *1 (D. Kan. Oct. 29, 2009). See also *Stewart v. Bd. of Comm'rs for Shawnee Cty., Kansas*, 216 F.R.D. 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991)).
[10] Fed. R. Civ. P. 15(a)(2).
[11] *Feldman* at *1.
[12] ECF No. 15 at 15.

dispute that arose when the parties were working on the proposed Pretrial Order, the Court does not find undue delay. Defendant argues it would be prejudiced by not being able to develop a defense if the language in the proposed amendment to paragraph 55 is a new claim. As discussed above, the Court finds the language in the proposed amendment and proposed paragraph 4(a) Legal Claims of Plaintiff of the Pretrial Order is not a new claim. It is simply a restatement of Plaintiff's allegations in paragraphs 53 and 55 of the First Amended Complaint. The Court finds Defendant would not be prejudiced by the amendment.

Additionally, the Court finds the amendment would not be futile. A court may deny a motion for leave to amend as futile if the proposed amendment "would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted."[13] The elements of a prima facie claim of retaliatory discharge in the workers' compensation context are, "(1) The plaintiff filed a claim for workers compensation benefits **or sustained an injury for which he or she might assert a future claim for such benefits**; (2) the employer had knowledge of the plaintiff's workers compensation claim injury; (3) the employer terminated the plaintiff's employment; and (4) a causal connection existed between the protected activity or injury and the termination."[14] Where a claim for retaliatory discharge in the workers compensation context does not require a plaintiff to have filed a claim for workers compensation benefits, the Court finds Plaintiff's proposed amendment would not be futile. Thus, although the Court finds the amendment is not

---

[13] *Collins v. Wal-Mart, Inc.,* 245 F.R.D. 503, 507 (D. Kan. 2007).
[14] *Platt v. Kansas State University,* 305 Kan. 122, 127, 379 P.3d 362 (2016) (emphasis added).

necessary, it finds amendment would be permitted under Fed. R. Civ. P. 15.

III.   **Conclusion**

Based on the foregoing the Court finds the language in paragraph 4(a) Legal Claims of Plaintiff of the Pretrial Order is fair based upon the pleadings; it is not a new claim. Thus, the amendment of paragraph 55 of the First Amended Complaint is not necessary for the proposed language to be included in the Pretrial Order.

**THEREFORE**, Plaintiff's Motion for Leave to Amend First Amended Complaint (ECF No. 88) is **FOUND AS MOOT** for the reasons set forth above.

**IT IS SO ORDERED**.

Dated June 3, 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge